# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cheryl Lynn Lutts <br> _Debtor(s)_ | CHAPTER 13 |
| Bayview Loan Servicing, LLC <br> _Movant_ <br> vs. | NO. 13-19684 ELF |
| Cheryl Lynn Lutts <br> _Debtor(s)_ | |
| William C. Miller Esq. <br> _Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$21,726.08,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2016 through July 2018 at $739.11/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$21,726.08** |

2. The Debtor(s) shall cure said arrearages in the following manner;

    a) Debtor shall obtain a trial modification by September 30, 2018;

    b) Beginning on July 15, 2018, Debtor shall also make regular post-petition payments on the fifteenth (15th) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending at the address below:

    M&T Bank
    PO Box 62182
    Baltimore, MD  21264-2182

    c) If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event a trial modification is not obtained by September 30, 2018 AND/OR any of the payments required under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 11, 2018

By: _____
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 7/16/18

/s/ ISAAC F. SLEPNER
_____
Issac F. Slepner
Attorney for Debtor(s)

Approved by the Court this _____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank